UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THADDEUS CHAYLON MARTIN,

    Plaintiff,

v.                                                                  Case No. 6:21-cv-1939-CEM-DCI

OFFICER D. PETRUZZELLA,
OFFICER J.Z. SCHRAMM, and
DOCTOR WESTFALL,

    Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on the following matters:

1. Plaintiff's Motion for Extension of Time to Pay Filing Fee And Request for Mailroom Search to Ensure Plaintiff Is Given All Legal Mail (Doc. 27) is **DENIED.** Plaintiff appears to (1) seek an extension of time to pay the partial filing fee, (2) request verification of whether his service forms were received, and (3) request the Court to order a search of the mailroom at Walton Correctional Institution. The Court received Plaintiff's partial filing fee and service forms. Further, no basis exists for the Court to order the search of the Walton Correctional Institution mailroom. Rather, if Plaintiff believes his mail is not being delivered or

received, he may initiate a civil rights complaint in the appropriate court having jurisdiction in which he may raise his claim.

2. Plaintiff, a prisoner proceeding *pro se*, filed a Second Amended Civil Rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 11.) Because Plaintiff has failed to set forth his claims adequately, he will be required to submit a Third Amended Complaint.

In amending, Plaintiff must name as Defendants only those persons who are responsible for the alleged constitutional violations. It is improper for Plaintiff to merely list constitutional rights or federal rights. Plaintiff, therefore, must provide support for his claimed violation(s) in section IV.D entitled "Statement of Claim." Plaintiff should attach additional pages if necessary to sufficiently state his claim(s).

Plaintiff shall not set forth the "facts" in a narrative chronology, but instead put the facts in sequentially numbered paragraphs. Rule 10 of the Federal Rules of Civil Procedure requires that all averments of the claims "shall be made in numbered paragraphs" and limited to "a statement of a single set of circumstances." Fed. R. Civ. P. 10(b). Additionally, Rule 8 requires that pleadings include a short and plain statement of facts showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). <u>In filing his Third Amended Complaint, Plaintiff is required to comply with these minimal pleading standards</u>. Consequently, if

Plaintiff intends to assert a claim for excessive force, he must indicate such and provide a brief, concise statement of facts supporting this claim in accordance with Rules 8 and 10.

Plaintiff should be aware that claims against Defendants in their official capacity are the same as a suit against the municipality. *See Cooper v. Dillon*, 403 F.3d 1208, 1221 n.8 (11th Cir. 2005) (citing *McMillian v. Monroe County*, 520 U.S. 781, 785 n. 2 (1997)). "When suing local officials in their official capacities under § 1983, the plaintiff has the burden to show that a deprivation of constitutional rights occurred as a result of an official government policy or custom." *Id.* at 1221 (footnote omitted) (citing *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir. 1986)). Therefore, absent facts demonstrating that the purported constitutional violations resulted from a policy, custom, pattern, or practice, Plaintiff cannot state a claim against Defendants in their official capacity.

With respect to suits against a person in his or her individual capacity, it is well established that government agents are "shielded from liability for civil damages if their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When considering a plaintiff's claim against a government actor in his or her individual capacity, the Court generally first determines "whether plaintiff's

allegations, if true, establish a constitutional violation." *Id.* at 736. To state a plausible claim for relief, the facts alleged by the plaintiff must contain sufficient allegations to show that the individual defendant personally participated in the alleged constitutional violation. *See, e.g., Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003). Indeed, there is no vicarious liability for constitutional claims against individual government actors: "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

Although the complaint need not set forth detailed factual allegations, a plaintiff is required to provide more than mere "labels and conclusions" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, the factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570. Mere conclusory statements in support of a threadbare recital of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The law requires something more "than an unadorned the-defendant-unlawfully-harmed-me accusation." *Id*.

If Plaintiff intends to allege several related claims, then he must set forth each claim in a separate paragraph in the same complaint. <u>However, if the claims are not related to the same basic issue or incident, then each claim must be</u>

4

<u>addressed in a separate complaint. In addressing an unrelated claim in a separate complaint, Plaintiff must complete a new civil rights complaint form for each unrelated claim.</u> <u>For instance, Plaintiff appears to allege claims for use of excessive force against Defendants Petruzzella and Schramm, correctional officers at Tomoka Correctional Institution, occurring on February 26, 2020, and an unrelated claim against Defendant Westfall, a doctor at Florida State Prison, for failure to provide medical care on July 21, 2020, through November 9, 2021</u>. *See* Doc. 11 at 4-5. These claims are not related to the same issue or incident and should not be asserted in the same complaint.[1] Plaintiff, therefore, should raise these claims in separate complaints, and the Clerk of the Court will then assign a new case number for the separate complaint and inform Plaintiff of the new case number. Of course, Plaintiff should file an amended complaint in this action by placing the case number in this action on a civil rights complaint form and choosing one of the claims to proceed with in this action. Plaintiff may at any time request more civil rights complaint forms for those unrelated claims.

Plaintiff must list all pertinent previous lawsuits under the section VIII of the complaint, including any cases that have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. If

---

[1] In addition, claims for civil rights violations occurring at the Florida State Prison are properly raised in the Ocala Division of the United States Middle District of Florida because the prison is located in that division.

Plaintiff is unsure of any prior case he has filed, that fact must be disclosed as well. Failure to list all such prior cases or otherwise notify the Court that such information is unknown and why will result in the dismissal of the action for abuse of the judicial process without further notice.

<u>To amend his complaint, Plaintiff should completely fill out a new civil rights complaint form, marking it Third Amended Complaint</u>. The Third Amended Complaint must include all of Plaintiff's claims in this action; it should not refer back to the original complaint because an amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. *Krinsk v. SunTrust Banks*, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011). Plaintiff shall amend his complaint as described above within **TWENTY-ONE (21) DAYS** from the date of this Order. Plaintiff is advised that failure to fully comply with this Order may result in the dismissal of this action without further notice.

3. The Clerk of Court is directed to mail Plaintiff two standard prisoner civil rights complaint forms along with this Order.

**ORDERED** in Orlando, Florida on January 12, 2023.

Copies furnished to:
Unrepresented Party

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE